Case 4:22-cv-03836 Document 63 Filed on 07/07/23 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARIA MARGARITA CORDON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:22-CV-3836** |
| | § | |
| **THE UNITED STATES SMALL** | § | |
| **BUSINESS ADMINISTRATION:** | § | |
| **ISABEL CASILLAS GUZMAN, in her** | § | |
| **official capacity as ADMINISTRATOR** | § | |
| **OF THE SMALL BUSINESS** | § | |
| **ADMINISTRATION,** | § | |
| *et al.*, | | |
| | | |
| **Defendants.** | | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendants' Motion for Extension of Time, Motion for Entry of Order, and Motion to Dismiss. (Dkt. Nos. 41, 43, 48.) Also pending are Plaintiff's first Motion for Joint Discovery/Case Management Plan, Motion for Declaratory Judgment, Motion for Permanent Injunction, and second Motion for Joint Discovery/Case Management Plan. (Dkt. Nos. 52, 53, 54, 58.) Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motion for Extension of Time[1] and the Motion to Dismiss be **GRANTED WITHOUT PREJUDICE** and all other pending motions be **DENIED AS MOOT**.[2]

**I.    BACKGROUND**

---

[1] Plaintiff argues that Defendants' Motion to Dismiss was untimely. (Dkt. No. 49 at 12.) Defendant's Motion was due January 11, 2023, and ultimately filed on January 23, 2023. However, on January 10, 2023, Defendants moved for an extension of time. (Dkt. No. 41.) Pursuant to FED. R. CIV. P. 6(b)(1) the Court rules this request was timely made. *See Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017) ("A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion.").

[2] On May 2, 2023, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 62.)

Maria Margarita Cordon ("Plaintiff") filed her *pro se* claim against the United States Small Business Administration, Isabella Casillas Guzman, in her official capacity as Administrator of the Small Business Administration ("SBA"); the United States Department of Treasury ("the Treasury"), Janet Yellen, in her official capacity as United States Secretary of Treasury; the United States Department of Housing and Urban Development ("HUD"), Marcia L. Fudge, in her official capacity as Secretary of HUD; and the United States of America (collectively "Defendants") on November 3, 2022. (Dkt. No. 1.)

Plaintiff is a sole attorney practitioner. (Dkt. No. 1. at ¶ 1.) She is board certified in the fields of immigration and nationality law and practices consumer bankruptcy and immigration law. (*Id.*) Plaintiff applied for a Paycheck Protection Program ("PPP") loan for her practice which the SBA approved on May 2, 2020. (Dkt. No. 1-1.) Plaintiff then applied for forgiveness of her loan, which the SBA denied in full on December 3, 2021. (*Id.*) The SBA cited Plaintiff previously defaulting on a loan with a federal agency. (*Id.*) The SBA explained that to be eligible for the PPP program, the borrower cannot be delinquent or have defaulted on a direct or guaranteed loan from the SBA or other federal agency within the last seven years. (*Id.*) Plaintiff petitioned the Office of Hearing and Appeals for reconsideration who denied this petition. (Dkt. No. 48 citing Dkt. No. 1-18.) Plaintiff chose not to appeal this decision in federal district court (*Id.* citing Dkt. No. 1. at ¶ 67.) Plaintiff appears to be requesting this court for a declaratory injunction that her SBA account was only a credit application and a permanent injunction against federal agencies from "publishing 'delinquent information'" about her. (Dkt. No. 1 at 1–2.) As Defendants accurately summarize, "Plaintiff's Complaint sets forth a myriad of broad allegations and grievances." (Dkt. No. 48 at 1.) These convoluted allegations do not amount to a comprehensible actionable claim.

**II.      LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction." *Crowell v. Lahood*, No. CIV.A. H-09-1788, 2011 WL 147913, at *1 (S.D. Tex. Jan. 18, 2011). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### III. SUBJECT MATTER JURISDICTION

In response to Defendants' Motion to Dismiss, Plaintiff makes no mention of sovereign immunity. (*See* Dkt. Nos. 49, 50.) A failure to defend a claim in a response to a motion to dismiss constitutes abandonment. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (holding that a plaintiff's failure to respond to arguments raised in a motion to dismiss constituted abandonment of the related claim). Given that Plaintiff is *pro se*, the Court briefly addresses the claims and finds that none can survive the motion to dismiss.

#### A. Non-APA Claims

##### 1. No Federal Question

Plaintiff asserts that subject matter jurisdiction exists through federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1 at ¶ 11.) Through federal question jurisdiction, "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under

the Constitution, laws, or treaties of the United States.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Plaintiff asserts that she is not appealing the SBA decision and does not state an Administrative Procedure Act ("APA") claim[3] as a basis for jurisdiction.[4] The only federal law she specifically points to in support of this, even in responding to Defendants' contention that no federal question exists, is the Declaratory Judgment Act under § 2201. (Dkt. No. 1 at ¶ 11; Dkt. No. 49 at 2–6.) "[I]t is well settled that this section does not confer subject matter jurisdiction on a federal court where none otherwise exists." *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). Thus, since Plaintiff has failed to meet her burden of establishing that federal question jurisdiction exists, subject matter jurisdiction does not exist.

### 2. Sovereign Immunity

Defendants correctly assert that Plaintiff's Complaint against them also must fail for lack of subject jurisdiction under the principle of sovereign immunity. (Dkt. No. 48 at 8.) "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) ("A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity."). Federal Defendants are all federal agencies, agency heads in their official capacities, and the United States itself. "Because sovereign immunity is jurisdictional in nature, absent a waiver of sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against [Federal] Defendants." *Stringfellow v. Fed. Rsrv. Bd.*, No. A-22-CV-341-RP-SH, 2022 WL 2057491, at *2 (W.D. Tex. May 8, 2022). Therefore, this Court

---

[3] "Section 702 of the APA creates a cause of action for '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing 5 U.S.C. § 702).

does not have subject jurisdiction as to Defendants.

### B. APA Claims

Plaintiff states that she is not appealing the Office of Hearing and Appeals decision. (Dkt. No. 1 at ¶ 67.) However, throughout her Complaint she asserts violations of the APA through the Treasury and SBA acting "contrary to law" in deceptive attempts to collect money from her. (*Id.* at ¶¶ 113–25.) "Section 702 of the APA 'waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review.'" *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1139 (5th Cir.1980), *rev'd on other grounds*, 456 U.S. 728, (1982)). However, even if Plaintiff's Complaint could be construed or amended to raise APA claims, these would fail for lack of jurisdiction for several reasons.

"The APA only provides recovery over '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Valerio v. Limon*, 533 F. Supp. 3d 439, 450 (S.D. Tex. 2021) (quoting 5 U.S.C. § 704). "Thus, plaintiffs may not sue under the APA unless: (1) the action they seek to challenge is a final action; and, (2) no alternative, adequate judicial remedy is available to them." *Id.* Additionally, all claims in federal court must meet the constitutional minimum of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

#### 1. No final agency action

Defendants accurately attest that there has been no final agency action here. First, they correctly point out that Plaintiff herself readily admits that she is not appealing the final agency decision to deny her PPP loan forgiveness. (Dkt. No. 48 at 19 citing Dkt. No. 1 at ¶¶ 67, 127.) Instead, Plaintiff seems to be contesting the determination that she defaulted on her prior loan and

her subsequent inclusion on the CAIVRS list. "CAIVRS was developed by [HUD] in June 1987 as a shared database of defaulted Federal debtors, and enables processors of applications for Federal credit benefits to identify individuals who are in default or have had claims paid on direct or guaranteed Federal loans, or are delinquent or other debts owed to Federal agencies." CREDIT ALERT VERIFICATION REPORTING SYSTEM (CAIVRS), U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT https://www.hud.gov/program_offices/housing/sfh/caivrs (last visited June 5, 2023). Therefore, being declared delinquent on a federal loan and being listed on the CAIVRS list would affect an individual by the possible denial of future loans from federal agencies.

"A non-final agency action is one that affects rights solely 'on the contingency of future administrative action.'" *Save Our Springs All. v. Norton*, No. A-05-CA-683-SS, 2007 WL 958173, at *2 (W.D. Tex. Feb. 20, 2007) (quoting *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 288 (5th Cir. 1999)). Here, as Plaintiff is not contesting the denial of loan forgiveness, any other argument about inclusion on this list would not be a final agency action, as it only affects possible future agency decisions. Thus, this Court would have no subject matter jurisdiction over an APA claim on this basis due to no final agency action.

2. **Standing**

"To meet the [Article III] constitutional standing requirement, a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009). "An injury in fact, for standing purposes, is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual and imminent, and not conjectural or hypothetical." *Wyble v. Gulf S. Pipeline Co.*, L.P., 308 F. Supp. 2d 733, 741 (E.D. Tex. 2004) (citing *Lujan*, 504 U.S. at 560). Thus, injury must be "concrete in both a qualitative and temporal sense."

*Whitmore v. Arkansas*, 495 U.S. 149, 149 (1990).

Plaintiff and Defendants agree that the issue of the PPP loan forgiveness is moot because Plaintiff has already paid this loan. (Dkt. No. 1 at ¶¶ 66, 129; Dkt. No. 48 at 13.) Accordingly, Defendants correctly contend that as described above, Plaintiff's arguments only concern hypothetical future agency action resulting from Plaintiff being on the CAIVRS list, not any present, particularized injury. (Dkt. No. 48 at 13.) Thus, any APA claim must also fail for lack of standing.

### 3. Alternative remedy and statute of limitations

Defendants also argue that an alternative adequate remedy exists to resolve Plaintiff being included on the CAIVRS list and that any APA claim would be barred by the applicable statute of limitations. (Dkt. No. 48 at 9–10, 14–15.) As the Court has already established, any such APA claim would fail due to a lack of final agency action and standing. Accordingly, the Court need not address these arguments.

## IV. FAILURE TO STATE A CLAIM

### 1. All Defendants

Defendants correctly assert that Plaintiff's claim should also be dismissed against all Defendants under 12(b)(6) for failure to state a claim. (Dkt. 48 at 2.) Here, even when liberally construed, Plaintiff's Complaint and attached documents fail to state a claim. Her Complaint is not only confusing, but also full of speculative claims like "federal databases have not been very reliable as to Plaintiff" and that the "letter from [the Treasury] and SBA with deceptive accounts numbers . . . are wrong or a scam." (Dkt. No. 1 at ¶¶ 115, 118.) It also contains unrelated grievances such as Plaintiff asserting that her bank incorrectly prepared her loan documents, despite this bank not being a named defendant, and her contention that the Treasury and SBA "failed to participate in Plaintiff's bankruptcy process." (Dkt. No. 1 at ¶¶ 1, 134.)

Plaintiff has thus failed to state a claim upon which relief can be granted. *See, e.g.*, *Hamilton v. Czyzyk*, No. 16-CV-994, 2017 WL 5649608, at *1 (S.D. Tex. Mar. 31, 2017) (granting 12(b)(6) motion to dismiss "[b]ecause the plaintiff's complaint is incomprehensible, does not appear to state the grounds upon which this Court's jurisdiction depends and does not contain a short and plain statement showing that he is entitled to relief or damages for which this Court can award"), *aff'd sub nom. Hamilton v. Trump*, 697 F. App'x 325 (5th Cir. 2017); *Cruz v. Aransas Pass Police*, No. 2:22-CV-00103, 2022 WL 3110122, at *3 (S.D. Tex. July 7, 2022) (recommending plaintiff's claims be dismissed for failure to state a claim and as frivolous due to "confusing and unintelligible" pleadings), *report and recommendation adopted*, No. 2:22-CV-00103, 2022 WL 3104861 (Aug. 4, 2022).

2. **The Treasury**

Further, as Defendants explain, Plaintiff does not assert a cause of action against the Treasury aside from the Declaratory Judgment Act. "The federal Declaratory Judgment Act is merely a procedural device that creates no standalone cause of action." *Mid-Am. Supply Corp. v. Truist Bank*, No. 4:21-CV-00841, 2023 WL 2403157, at *6 (E.D. Tex. Mar. 8, 2023). Thus, Plaintiff does not attempt to assert a substantive cause of action against the Treasury.

3. **HUD**

Likewise, Plaintiff's only assertion of wrongdoing by HUD is that it included Plaintiff in the CAIVRS database erroneously. (Dkt. No. 1 at ¶ 135.) However, as Defendants rightly assert, the Department does not collect information, verify its integrity, or change, delete, or altera data.[5] (Dkt.

---

[5] "No data is collected by CAIVRS per se. CAIVRS is a shared repository of indicator (alert) records reporting the existence of delinquent Federal debts from the participating Federal credit agencies (FHA, VA, USDA, SBA, Education, and DOJ). The alert records are provided to CAIVRS monthly, in an electronically transmitted file from each of the participating agencies. The data in each file is the property of the agency that provided the file. Data integrity is the responsibility of

No. 48 at 23.) Therefore, Plaintiff would only have a potential claim against the SBA for any incorrect information entered into the CAIVRS system. Plaintiff's demands that the Court issue an injunction against all defendants to not include Plaintiff on CAIVRS would violate HUD's agency policy of not verifying or altering data. If Plaintiff's arguments could be construed as a demand for a policy change, this would also fail. The Fifth Circuit has explained that "in interpreting the APA, *Lujan* 'announced a prohibition on programmatic challenges—challenges that seek wholesale improvement of an agency's programs by court decree, rather than through Congress or the agency itself where such changes are normally made.'" *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020) (quoting *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014)). Therefore, not only does HUD not have authority to comply with Plaintiff's demands, but any challenge of HUD's policies would also be prohibited. Thus, the Court recommends the Motion to Dismiss should be granted on the basis of a failure to state a claim.

## V.   *TREJO* FACTORS

Plaintiff argues that this Court should use the *Trejo* factors[6] in evaluating Plaintiff's demand for declaratory judgment. (Dkt. No. 50 at 3–6.) However, the Court need not discuss these factors. The Fifth Circuit has provided a three-step inquiry for considering a declaratory judgment action: "(1) whether the action is justiciable; (2) whether the court has authority to grant the relief; and (3) whether the court should exercise its discretion to decide the action based on the factors stated in *St.*

---

the agency/source system providing the data. Data in CAIVRS cannot be changed, deleted, or altered in any way." U.S. Department of Housing and Urban Development, Office of Single Family Housing, Privacy Impact Assessment The Credit Alert System (known as CAIVRS) (June 5, 2008) https://www.hud.gov/sites/documents/DOC_15019.PDF.

[6] "The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390 (5th Cir. 2003); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994) (listing factors).

*Paul Ins. Co. v. Trejo.*" *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *Sw. Bell Tel. Co. v. Fitch*, 643 F. Supp. 2d 902, 907 (S.D. Tex. 2009). As Defendants correctly assert, Plaintiff ignores these first two steps in her demand for a *Trejo* analysis. (Dkt. No. 51 at 2.)

Regarding step one, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). As described above, Plaintiff's claims are speculative and lack standing. As to step two, it has already been established that this Court lacks subject matter jurisdiction over Plaintiff's claim. *See Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 2870648, at *3 (S.D. Tex. July 10, 2012) (defining step two as "subject matter jurisdiction and whether the Anti–Injunction Act, 28 U.S.C. § 2283, applies"). Thus, a step three analysis is not necessary as Plaintiff fails on the first two steps. *See generally Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 898 (5th Cir. 2000) (abstaining from a step two and step three analysis where Plaintiff's claim where no actual controversy existed). Thus, a *Trejo* analysis is unnecessary.

## VI. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion for Extension of Time and Motion to Dismiss be **GRANTED WITHOUT PREJUDICE**. (Dkt. No. 41, 48.) The Court also **RECOMMENDS** All other motions be **DENIED AS MOOT**. (Dkt. No. 43, 52, 53, 54, 58.)

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and

legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections or responses shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on July 7, 2023.

Sam S. Sheldon
United States Magistrate Judge